# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SHERESE MCDANIEL, | ) | CASE NO. 1:16-cv-2467 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **ORDER** |
| DEFENDANT. | ) | |

This matter is before the Court on the application of plaintiff for an award of attorney fees and costs in the amount of $5,794.37 (Doc. No. 17), followed by the parties' joint stipulation for an award of attorney fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $5,494.37. (Doc. No. 18 ["Stip."].) For the reasons that follow, the parties' joint stipulation,[1] which the Court construes as a joint motion, is granted.

**A. Background**

Plaintiff filed this action on October 7, 2016, seeking review of the Commissioner of Social Security's ("Commissioner") decision denying continuation of her supplemental security income because she is disabled. (Doc. No. 1.) Subsequently, the parties filed a joint motion to remand the case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Doc. No. 14.) The joint motion was granted, and the Court ordered the case remanded for further proceedings. (Doc. Nos. 15 and 16.)

---

[1] The parties' joint stipulation supersedes, and renders moot, plaintiff's original fee application. (Doc. No. 17.)

According to the stipulation, the parties' agreement concerning attorney fees and costs represents a compromise and settlement of disputed positions, and will fully satisfy all of plaintiff's fees, costs, and expenses under 28 U.S.C. § 2412. (Stip. at 1857.[2]) The stipulation acknowledges that an award to plaintiff under the EAJA is subject to offset by any outstanding federal debt owed by plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 117 L.Ed.2d 91 (2010). (*Id*. at 1858.) The parties further agree that, to the extent the award payable to plaintiff is not subject to offset by pre-existing debts to the United States, defendant will direct that the award be made payable to plaintiff's counsel pursuant to the attorney fee assignment between plaintiff and his counsel. (*Id*.)

**B. Discussion**

The EAJA requires the government to pay a prevailing social security plaintiff's reasonable attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "Prevailing party" status is achieved within the meaning of the statute when a plaintiff succeeds in securing a sentence four remand order. *Shalala v. Schaefer*, 509 U.S. 292, 300-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). Plaintiff brought this action for judicial review of the Commissioner's decision and succeeded in securing a sentence four remand for further consideration of her application. Thus, plaintiff is a prevailing party within the meaning of the statute.

---

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

Plaintiff's counsel's EAJA time statement submitted in support of her fee application indicates that a total of 31.75 hours[3] were expended in this case at a rate of $182.50, for a total of for a total amount of $5,794.37. (Doc. No. 22-1.) The parties' stipulation seeks an award of $5,494.37. This amount, divided by the number of hours for legal services rendered before this Court, results in an hourly rate calculation of $173.05.

The EAJA provides that the amount of an attorney fee award shall be based on prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The change in the cost of living over the years since the $125 per hour rate was established justifies an increase in the statutory rate. *See Crenshaw v. Commissioner of Social Security*, No. 1:13CV1845, 2014 WL 4388154 at *3 (N.D. Ohio Sept. 5, 2014). The appropriate measure of inflation in this geographic area is the "Midwest Urban" CPI.[4] *Id.* (collecting cases). The Court finds the parties' stipulated compromise hourly rate of $173.05, considering adjustments for cost-of-living increases since the enactment of the EAJA, is both supportable and reasonable. *See* 28 U.S.C. § 2412(d)(2)(A).

Finally, it is the government's burden under the EAJA to show that its position denying benefits was substantially justified. *Wilson v. Astrue*, No. 2:10-CV-463, 2011 WL 3664468, at *1 (S.D. Ohio Aug. 19, 2011) (citations omitted). Defendant has made no attempt to demonstrate that the government's denial of plaintiff's disability application was substantially justified, and the Court is not aware of any special circumstances that would make an attorney fee award unjust.

---

[3] The number of hours claimed by plaintiff in her fee application is not exorbitant. Having examined the statement, and considering plaintiff's successful outcome, the Court concludes that 31.75 hours is reasonable in this case.

[4] CPI is the acronym for Consumer Price Index. The Midwest Urban CPI may be found on the website of the Bureau of Labor Statistics (http://www.bls.gov).

Accordingly, the Court awards to plaintiff the stipulated attorney fees and costs in the sum of $5,494.37.

As the parties recognize in their stipulation, EAJA attorney fees are subject to offset to satisfy any pre-existing federal debt owed by plaintiff. Payment of any amount remaining after offset may be made directly to plaintiff's attorney if plaintiff has assigned any EAJA attorney fees to the attorney. *Crenshaw*, 2014 WL 4388154 at *5. Within 30 days from the date of this Order, the Commissioner shall initiate payment and request that the Department of Treasury verify whether plaintiff owes a pre-existing debt to the government. Any such debt will be offset against the EAJA award granted herein, and payment of the balance shall be made as promptly as possible to the plaintiff, or to plaintiff's attorney, in accordance with the provisions of the assignment plaintiff has made with respect to any EAJA award.

**C. Conclusion**

For the reasons set forth herein, the parties' joint stipulation for an award of EAJA attorney fees and costs pursuant to 28 U.S.C. § 2412 in the amount of $5,494.37 is granted. This amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: June 16, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**